## State *v.* St. Louis Cotton Compress Company.

### Opinion delivered February 14, 1921.

Insurance—tax on premiums paid.—Crawford & Moses' Dig., § 9967, requiring persons, firms or corporations doing business in Arkansas to pay into the treasury a tax of 5 per centum of the gross insurance premiums paid by them on their property in the State to persons or corporations not authorized to do business in this State, is valid in its application to foreign corporations; being referable to the State's power to prescribe the conditions on which such corporations may do business in the State.

Appeal from Pulaski Circuit Court; *A. F. House,* Judge; reversed.

#### STATEMENT OF FACTS.

Appellant instituted this action in the circuit court against appellee to recover taxes alleged to be due by it to the State of Arkansas on premiums paid for insurance from corporations not authorized to do business in this State.

Appellee is a foreign corporation authorized to do business in this State and operates compress plants in several cities in the State of Arkansas. It owns real estate, warehouses, and compresses at each of the towns in which it does business. Appellee is a corporation organized under the laws of the State of Missouri and in that State entered into contracts of fire insurance with companies not authorized to do business in this State for the insurance of all its property situated in this State. It refused to pay the tax on gross premiums so paid as required by our statute. Hence this lawsuit.

The circuit court rendered judgment in favor of appellees and the case is here on appeal.

*John D. Arbuckle,* Attorney General, and *F. G. Lindsey,* for appellants.

The court erred in overruling plaintiffs' demurrer and dismissing the complaint. Act 159, § 1, Act 1913, p. 676. The statute is mandatory. It is admitted that defendant is a corporation doing business in this State and took out contracts of insurance without complying with our laws and is liable for the tax. Act 1913, p. 676; act 264, § 1, p. 1362; Acts 1917.

*Rose, Hemingway, Cantrell & Loughborough,* for appellee.

The question presented has been settled by decisions of our United States Supreme Court. 165 U. S. 578, 587-9-90; 234 U. S. 149; 239 *Id.* 103; 246 *Id.* 357-373. See, also, 140 Ark. 133.

HART, J. (after stating the facts). Section 9967 of Crawford & Moses' Digest requires fire and other insurance companies authorized to do business in this State, to pay a tax of two per cent per annum on their gross receipts after deducting return premiums and authorized reinsurance. This suit is based upon the provision of the act which, among other things, provides: "That any person, firm or corporation, individual or association doing business in this State securing indemnity contracts or policy of insurance from any person, firm, corporation, association or individual not authorized to do business in this State shall, on or before the first day of March, each year, file with the Auditor of State a sworn affidavit of the amount of premiums paid to such unauthorized persons, firms, associations or corporations, and shall pay into the State treasury a tax of 5 per centum of the gross premiums paid."

It is sought to uphold the decision of the circuit court on the ground that the act is unconstitutional, and to support their contention counsel rely upon the cases

of *Allgeyer* v. *Louisiana,* 165 U. S. 578; *N. Y. Life Insurance Co.* v. *Head,* 234 U. S. 149; *Provident Savings Life Assurance Society* v. *Commonwealth of Kentucky,* 239 U. S. 103, and *New York Life Ins. Co.* v. *Dodge,* 246 U. S. 357.

In *New York Life Ins. Co.* v. *Head, supra,* a resident of New Mexico, while in the State of Missouri, borrowed from a New York life insurance company, a foreign corporation, on a policy issued to him a sum of money and subsequently defaulted in the payment of the interest on the loan and the premium on the insurance policy. The company settled under the terms of the loan agreement and the laws of the State of New York. The beneficiary sued the company for the full amount of the policy, basing her right to relief under a statute of Missouri regulating loans on policies of life insurance by the company issuing the policy. The Supreme Court of the United States held that a State may not extend the operation of its statutes beyond its borders into the jurisdiction of other States so as to destroy and impair the rights of persons not its citizens to make a contract not operative within its jurisdiction and lawful in the State where made.

In *Provident Savings Life Assurance Society* v. *Commonwealth of Kentucky,* 239 U. S. 103, a suit was brought by the State against the insurance company to recover a tax on premium receipts under the State statute. The company ceased to write insurance in the State, but continued to collect premiums on business already written but refused to pay the tax on the premiums. The court said that the continuance of insurance contracts on the lives of residents of the State already written by the company does not depend upon the consent of the State; nor has the State the power to treat the mere continuance of the obligation of existing policies of insurance held by residents as the transaction of local business justifying the imposition of a privilege tax in the absence of actual conduct of business within the limits of the State. Therefore, the court held that the

imposition of taxes on premiums collected on policies on residents of Kentucky in pursuance of the statutes of that State after the company had ceased to do business therein, to be an unconstitutional exercise of power under the due process provision of the Fourteenth Amendment.

In *New York Life Ins. Co.* v. *Dodge,* 246 U. S. 357, the court held that a statute of the State of Missouri governing a life insurance contract made locally between a resident citizen and a locally licensed foreign corporation, and prescribing how the net value of the policy should be applied to avoid forfeiture if the premium was not paid, could not be extended so as to prevent the policy holder, while present in such State, and the company from making and carrying out a subsequent independent agreement in the company's home State, pursuant to its laws, whereby the policy is pledged as security for a loan and afterward canceled in satisfaction of the indebtedness. The decision was placed upon the ground that to so hold would be an invasion of the citizen's liberty of contract under the Fourteenth Amendment and could not be sustained.

These cases would be applicable to the present case if the statute had required the tax in question to be paid by the foreign insurance company. No such attempt is made by the statute, and we do not regard the cases as controlling under the facts as disclosed by the record.

In *Allgeyer* v. *Louisiana,* 165 U. S. 578, a citizen and resident of Louisiana made in New York, with a corporation doing business there, a contract for marine insurance to cover cotton to be purchased and shipped. Allgeyer mailed in Louisiana a letter addressed to New York City, reporting the shipments as required by the contract. Under the Louisiana statutue it was a crime for any one to do any act to effect insurance in any marine insurance company which had not established a place of business within the State and appointed an agent upon whom process might be served. The insurance company had not been authorized to do business in Louisiana and

did no business there. Allgeyer was convicted of mailing the letter, and the Supreme Court of the United States held that the statute was unconstitutional as construed by the State court because it denied to citizens of the United States rights guaranteed by the Fourteenth Amendment.

We do not think that case furnishes any support to the contention of counsel for appellee. The court said that the statute in question was not due process of law because it prohibited an act which, under the Federal Constitution, Allgeyer had a right to perform. The court further said, however, that this did not interfere in any way with the acknowledged right of the State to enact such legislation in the legitimate exercise of its police power as it may seem proper. No attempt is made under the present statute to interfere with the freedom of contract between the appellee and foreign insurance companies which are not carrying on business in this State. Appellee had a perfect right to make the contract of insurance without the State of Arkansas. Its right to do so is not affected or questioned by this decision. The question presented for our determination is whether or not the statute requiring persons, firms, or corporations doing business in this State to pay into the State treasury a tax of 5 per cent. of the gross premiums paid by it to corporations or associations not authorized to do business in this State, for policies of insurance on its property in this State, is a valid one. Appellee is a foreign corporation, and in any event the statute is valid insofar as it is concerned. The Legislature has complete control over corporations and can create them or permit them to do business in this State upon such terms as it deems proper. The Legislature had the power to prescribe terms upon which foreign corporations might do business in this State as well as domestic corporations which it brings into existence, and therefore had the power to lay this imposition upon appellee as an occupation tax. *State ex rel.* v. *N. Y. Life Ins. Co.,* 119 Ark. 314.

The judgment of the circuit court holding the statute unconstitutional was wrong. Therefore the judgment must be reversed, and the cause will be remanded for further proceedings according to law.