## ST. LOUIS COTTON COMPRESS COMPANY v. STATE OF ARKANSAS.

ERROR TO THE SUPREME COURT OF THE STATE OF ARKANSAS.

No. 120. Argued November 23, 24, 1922.—Decided December 4, 1922.

1. In determining the constitutionality of a pecuniary exaction made under a state statute in the guise of taxation, this Court is not bound by the characterization of the exaction by the State Supreme Court as an " occupation tax." P. 348.

2. A state law exacting of persons insuring their property situate in the State a so-called tax of 5% of the amounts paid by them as premiums to insurers not authorized to do business in the State, is void as applied to insurance contracted and paid for outside the State by a foreign corporation doing local business. P. 348. *Allgeyer* v. *Louisiana,* 165 U. S. 578.

147 Ark. 406, reversed.

ERROR to a judgment of the Supreme Court of Arkansas in an action brought by the State to recover 5% of amounts paid by the Compress Company to fire insurance companies, not authorized to do business in the State, for insuring its property in Arkansas.

*Mr. George B. Rose,* with whom *Mr. Wendell P. Barker, Mr. W. E. Hemingway, Mr. D. H. Cantrell* and *Mr. J. F. Loughborough* were on the brief, for plaintiff in error.

*Mr. Wm. T. Hammock* and *Mr. F. G. Lindsey,* with whom *Mr. J. S. Utley,* Attorney General of the State of Arkansas, and *Mr. Elbert Godwin* were on the brief, for defendant in error.

MR. JUSTICE HOLMES delivered the opinion of the Court.

This is a suit by the State of Arkansas against a corporation of Missouri authorized to do business in Arkansas. It is brought to recover five per cent. on the gross premiums paid by the defendant, the plaintiff in error, for insurance upon its property in Arkansas, to companies not authorized to do business in the State. A statute of the State purports to impose a liability for this amount as a tax. Crawford & Moses, Digest, (1921) § 9967. The answer alleged that the policies were contracted for, delivered and paid for in St. Louis, Missouri, the domicil of the corporation, because the rates were less than those charged by companies authorized to do business in Arkansas. It also alleged that long before the taxing act was passed the

defendant had made large investments in Arkansas in real and personal property essential to the conduct of its business, which it had held and operated ever since. The plaintiff demurred. The lower Court overruled the demurrer, but the Supreme Court sustained it, holding that the statute denied to the defendant no rights guaranteed to it by the Fourteenth Amendment. Judgment was entered for the plaintiff and the case was brought by writ of error to this Court.

The Supreme Court justified the imposition as an occupation tax—that is, as we understand it, a tax upon the occupation of the defendant. But this Court although bound by the construction that the Supreme Court may put upon the statute is not bound by the characterization of it so far as that characterization may bear upon the question of its constitutional effect. *St. Louis Southwestern Ry. Co.* v. *Arkansas*, 235 U. S. 350, 362. The short question is whether this so-called tax is saved because of the name given to it by the statute when it has been decided in *Allgeyer* v. *Louisiana*, 165 U. S. 578, that the imposition of a round sum, called a fine, for doing the same thing, called an offence, is invalid under the Fourteenth Amendment. It is argued that there is a distinction because the Louisiana statute prohibits (by implication) what this statute permits. But that distinction, apart from some relatively insignificant collateral consequences, is merely in the amount of the detriment imposed upon doing the act. The name given by the State to the imposition is not conclusive. *Child Labor Tax Case,* 259 U. S. 20. *Lipke* v. *Lederer,* 259 U. S. 557. In Louisiana the detriment was $1000. Here it is five per cent. upon the premiums—which is three per cent. more than is charged for insuring in authorized companies. Each is a prohibition to the extent of the payment required. The Arkansas tax manifests no less plainly than the Louisiana fine a purpose to discourage insuring in companies that

do not pay tribute to the State. This case is stronger than that of *Allgeyer* in that here no act was done within the State, whereas there a letter constituting a step in the contract was posted within the jurisdiction. It is true that the State may regulate the activities of foreign corporations within the State but it cannot regulate or interfere with what they do outside. The other limit upon the State's power due to its having permitted the plaintiff in error to establish itself as alleged, need not be considered here. *Southern Ry. Co.* v. *Greene,* 216 U. S. 400, 414; *Cheney Brothers Co.* v. *Massachusetts,* 246 U. S. 147, 157; *Northwestern Mutual Life Insurance Co.* v. *Wisconsin,* 247 U. S. 132, 140.

*Judgment reversed.*