Tommassino De Petrillo vs. Massachusetts Bonding & Insurance Co.

Law No. 69549

January 7, 1927

TANNER, P. J. This is an action on the case brought against an insurance company for a return of non est inventus upon a writ against the party who was primarily liable in a personal injury case. The case is heard upon demurrer to a special plea filed by the insurance company stating that the insurance referred to was not written or issued within the limits of the State of Rhode Island, was not written or issued subject to the provisions of Section 7 of Chapter 258 of the General Laws of Rhode Island, 1923, or subject to the provisions of any other statute of said State of Rhode Island, and contained no provision, either expressly or impliedly, that the insurer would be directly liable in any form of action to the injured party or that said injured party should have the right in any event to bring action in any form directly against the insurer either under said policy or otherwise; and, further, that at the time of the writing and issuance of said insurance, and also at the time of said accident, and also at present, the said Patrick S. Lynch was and is a resident and citizen of the State of Connecticut and not a resident or citizen or in any way a commorant of the State of Rhode Island.

Since a demurrer admits the truth of the allegations of the plea demurred to, it is doubtful if a demurrer which raises merely questions of law would lie since the allegations of the plea seem to exclude these questions. However, the plaintiff desires to raise the question of the application of the insurance statutes to the facts pleaded.

The plaintiff has quoted several cases to sustain his contention that the provisions of the statute allowing an insurance company to be directly sued in such a case applies to a policy written outside of the state by a non-resident insurance company for a non-resident insured.

We do not think the cases here cited sustain his contention. He has cited statutes of other states which provide that any one driving an automobile into those states must be presumed to have appointed a resident agent to accept service of process. These are cases where the party sued has himself committed an act in the state where such a statute exists. In the case at bar the insurance company has done no act in this state.

The plaintiff quotes Palmetto Fire Ins. Co., of Conn., 71 L. Ed., page 25, October term, 1926. In that case a foreign insurance company was held liable in Chicago for a tax on an insurance business where they had entered into an agreement with the Chrysler Sales Corporation to give a year's insurance upon every car sold by the Chrysler Corporation in any state. The provision of the contract was that the insurance should take effect when and where each car was sold. The sale of the car, in other words, constituted the consummation of the contract of insurance, and, as the Court well said, the act occurred in the state where each car was sold, and therefore formed a proper subject for an insurance tax levied upon business done in that state.

Vermont Ins. Co. vs. International Paper Co., 120 Atl. 900.

U. S. Cotton Compress Co. vs. Arkansas, 260 U. S. 346.

Bishop & Co. vs. Thompson, 130 Atl. 701 at page 7034.

We think the demurrer must be overruled.

For plaintiff: Comstock & Canning.

For defendant: Ralph T. Barnefield.