# Richmond

THE FEDERAL LAND BANK OF BALTIMORE V. C. S. HUBARD, CLERK OF THE CIRCUIT COURT OF BUCKINGHAM COUNTY.

January 17, 1935.

Present, All the Justices.

The opinion states the case.

*John B. Boatwright, I. P. Whitehead, Florence L. Wheatley* and *Peyton G. Jefferson,* for the plaintiff in error.

*Abram P. Staples, Attorney-General,* and *W. W. Martin, Assistant Attorney-General,* for the defendant in error.

BROWNING, J., delivered the opinion of the court.

The action of the Circuit Court of Buckingham county, Virginia, is before us for review.

That court denied the petition for a writ of mandamus to require the clerk of the circuit court of that county, to record a deed conveying certain lands to the Federal Land Bank of Baltimore, on receiving the fee for recording it, without the payment of an additional sum of "twelve cents on every hundred dollars or fraction thereof of the consideration of the deed or the actual value of the property conveyed, whichever is greater."

The above quoted lines are from section 121 of the Tax Code of Virginia (Code Supp. 1932, Appendix p. 216) and constitutes the legal requirement of Virginia for the recordation of a deed, and which was sought to be applied in this case by the recording official.

The Federal Land Bank of Baltimore acquired the lands conveyed to it by reason of the foreclosure of one of its mortgages existing in that county.

Section 26 of the Federal Farm Loan Act, in its appropriate parts, is as follows: "Every Federal Land Bank and every national farm loan association, including the capital

and reserve or surplus therein and the income derived therefrom, shall be exempt from Federal, State, municipal, and local taxation, except taxes upon real estate held, purchased, or taken by said bank or association under the provisions of section 761 and section 781 of this chapter. First mortgages executed to Federal land banks, or to joint-stock land banks, and farm loan bonds issued under the provisions of this chapter, shall be deemed and held to be instrumentalities of the Government of the United States, and as such they and the income derived therefrom shall be exempt from Federal, State, municipal, and local taxation."

\* \* \* \* \* \* \* \*

"Nothing herein shall be construed to exempt the real property of Federal and joint-stock land banks and national farm loan associations from either State, county, or municipal taxes, to the same extent, according to its value, as other real property is taxed." (July 17, 1916, ch. 245, sec. 26, 39 Stat. 380, Title 12, secs. 931, 933, U. S. C. A.)

The State concedes that the bank is a Federal instrumentality and, therefore, can only be taxed by it as allowed by the Federal laws.

This concession obviates the necessity of comment upon much of the matter in the petition and briefs.

The case, we think, is controlled, in principle, by the case of *Federal Land Bank of New Orleans* v. *Crosland*, 261 U. S. 374, 43 S. Ct. 385, 386, 67 L. Ed. 703, 29 A. L. R. 1. The only material difference between that case and this under consideration is that the offending tax was upon a first mortgage deed rather than a deed of conveyance of the land itself. We do not think this difference weakens the principles enunciated in the *Crosland Case* as applicable to this case.

In that case it was said by Mr. Justice Holmes:

"The tax was sustained by the Supreme Court of the State [207 Ala. 456, 93 So. 7], and the petition for mandamus was ordered to be dismissed on the ground that the payment was optional; that the Federal Land Bank was not required to put its deed on record, and that, if it did, it must pay whatever the others were required to pay for the registra-

tion of its security. But the case is not quite so simple as that. The law of Alabama does make it practically necessary to record such deeds, because it overrides them if not recorded, in favor of any purchaser without notice. While it does so, it cannot say that it leaves the bank free to record or not. The bank has a choice, it is true, but so has one who acts under duress. *The Eliza Lines*, 199 U. S. 119, 131, 26 S. Ct. 8, 50 L. Ed. 115, 120, 4 Ann. Cas. 406.

"The state is not bound to furnish a registry, but if it sees fit to do so it can not use its control as a means to impose a liability that it cannot impose directly, any more than it can escape its constitutional obligations by denying jurisdiction to its courts in cases which those courts are otherwise competent to entertain. *Kenney* v. *Supreme Lodge, L. O. M.*, 252 U. S. 411, 415, 40 S. Ct. 371, 64 L. Ed. 638, 640, 10 A. L. R. 716. It is not necessary to cite cases to show that an act may become unlawful when done to accomplish an unlawful end.

"Of course, the state is not bound to furnish its registry for nothing. It may charge a reasonable fee to meet the expenses of the institution. But in this case the legislature has honestly distinguished between the fee and the additional requirement that it frankly recognizes as a tax. If it attempted to disguise the tax by confounding the two, the courts would be called upon to consider how far the charge exceeded the requirement of support, as when an excessive charge is made for inspecting articles in interstate commerce. *D. E. Foote & Co.* v. *Stanley*, 232 U. S. 494, 34 S. Ct. 377, 58 L. Ed. 698. But it has made no such attempt. It has levied a general tax on mortgages, using the condition attached to registration as a practical mode of collecting it. In doing so, by the construction given to the statute by the Supreme Court, it has included mortgages that it is not at liberty to reach. The characterization of the. act by the Supreme Court, as distinguished from the interpretation of it, does not bind this court. *St. Louis Southwestern R. Co.* v. *Arkansas*, 235 U. S. 350, 362, 35 S. Ct. 99, 59 L. Ed. 265, 271; *St. Louis Cotton Compress Co.* v. *Arkansas*, Dec. 4,

1922 (260 U. S. 346, 43 S. Ct. 125, 67 L. Ed. 297). It is said that the lender may collect the money in advance from the borrower. We do not perceive that this makes any difference. The statute says that the lender must pay the tax; but, whoever pays it, it is a tax upon the mortgage, and that is what is forbidden by the law of the United States."

It will be observed that the Supreme Court of the United States in the *Crosland Case* has, in effect, held that the recordation tax sought to be exacted from the Federal Land Bank of New Orleans by the State of Alabama, is a tax on the bank. In the case before us the tax is none the less a tax because this court in the case of *Pocahontas Consol. Collieries Co.* v. *Com.*, 113 Va. 108, 73 S. E. 446, characterized it as a tax upon a civil privilege. Whatever it may be denominated it is a tax, required by the State to be borne by the grantee in the deed, to be paid from its capital and reserve or surplus and/or income derived therefrom, because it has no other source from which to acquire funds. The tax, therefore, is a tax upon the grantee and as was said in the *Crosland Case*, the State undertakes to use the condition attached to its registration as a practical mode of collecting it.

As suggested in the *Crosland Case* the legislature has honestly distinguished between the fee and the additional requirement, that it frankly recognizes as a tax.

We cannot consent to a circumvention or a species of legal strategy to defeat the provisions and purposes of the Federal act.

Underlying the whole theory of the matter is that the Constitution of the United States and the laws made in pursuance of it are supreme. The subjects are subordinate to the sovereign. We are not impressed with the argument of counsel for the State that if land can be taxed, the deed conveying the land can be also taxed upon the theory that the greater includes the lesser. A deed is but a muniment of title. It is not land but is only evidence of the acquisition of land, or anything else, that the deed pretends to transfer.

The tax complained of here as distinguished from the fees

required to be paid to the clerk and the commissioner of the revenue for their services, comes within the Federal inhibition and is therefore invalid and unenforceable against the Federal Land Bank in this case.

As to the general propositions arising in this case, see: *McCulloch* v. *Maryland,* 4 Wheat. 316, 4 L. Ed. 579; *Van Brocklin* v. *Anderson,* 117 U. S. 151, 6 S. Ct. 670, 29 L. Ed. 845; *Metcalf & Eddy* v. *Mitchell,* 269 U. S. 514, 46 S. Ct. 172, 70 L. Ed. 384.

The judgment of the trial court will be reversed and the writ of mandamus will issue.

*Reversed.*