CALEDONIA,
March,
1838.

EPHRAIM LOW *v.* NATHANIEL PERKINS.

Where several individuals are associated in a private trust or agency, the concurrence of all is necessary to bind their principals.

In such case, the declarations of one of the trustees are not evidence of the acts of all. Such declarations are but *hear-say*, and inadmissible, the trustee making them being a competent witness, as between third persons.

ASSUMPSIT upon the following contract, to wit : "This "may certify that Ephraim Low has bought one pew in the "Methodist meeting-house, and of an average quality, and "has paid the same to me, and is to have his pew when the "house is finished.          NATHANIEL PERKINS."

The defendant pleaded the general issue with a notice of special matter, to wit, that the contract in question was made by the defendant upon the sole consideration that the plaintiff should use his influence to have a Methodist meeting-house erected in the village of Groton, but that the plaintiff, on the contrary, used his influence against the erection and completion of said house and prevented its being finished. The defendant also pleaded in offset a claim for damages for the violation of such agreement on the part of the plaintiff to use his influence for the erection of said house.

On the trial in the County Court, the defendant introduced testimony tending to prove the facts stated in his plea and notice.

The plaintiff introduced evidence tending to show that he was the contractor for erecting the meeting-house at the agreed price of $1050—that the contract was made on the part of the society by four or five trustees, appointed for the purpose of building a chapel—that the house was to be completed, and was so completed, before the first day of January, 1837—that the plaintiff had taken in one Morrison as a partner in the concern ; that the deviations from the original contract were to be appraised at their value by three persons agreed upon—and that they had been so appraised by the consent of all the parties—that while the building of the house was in progress, Morrison refused to proceed further with it on account of some misunderstanding with the plaintiff—and that one of the trustees, without the concurrence of the others, to induce Morrison to proceed in the building, told him he should lose nothing, but he did not care how much plaintiff lost. Whereupon Morrison resumed his work. The plain-

tiff in connection with this testimony offered to show that one other of the trustees had admitted that such additional contract was made with Morrison ; but the Court held that such testimony, with the former, was insufficient to prove an alteration in the terms of the original contract, but that at least a majority of the trustees must concur in such alteration, and excluded the testimony on that ground.

It further appeared that the plaintiff refused to permit the society to take possession of the house, and use and dedicate and sell the pews in the same, although he was paid, or secured to his satisfaction the amount of the original contract, with the additions, as approved, on the ground that, by this subsequent arrangement with Morrison, he was entitled to claim the *cost* of the house, which the trustees refused to pay him.

Verdict and judgment for defendant, and exceptions by plaintiff.

*A. Underwood* for plaintiff.

The promise made to Morrison to pay the cost of the house would undoubtedly enure to the benefit of Morrison and the plaintiff, and may be considered as made to them. The case shows that the house was built on the faith of the new engagement to pay its cost, and the plaintiff insists that the testimony offered and rejected tended to prove that this new contract was made by all the trustees.

A community of interest or design will make the declaration of one the declaration of all. (2 Starkie, 45. 11 East, 589.) The admission of one of several makers of a note that it has not been paid, is evidence against all. (*Whitcomb* v. *Whiting*, Doug. 652.) A declaration of a partner concerning a matter of joint interest, is evidence against all. (*Wood* v. *Braddick*, 1 Taun. 104. 2 Starkie, 45.) So in an action of covenant against two, the voluntary affidavit of one, upon a subject of joint interest, was evidence against the other. (Bac. Ab. 623. 2 Starkie, 46.)

These trustees were associated and jointly concerned in building the house. They were partners for this purpose. They were concerned in a joint project. There was a unity of interest as well as design. Hence the plaintiff insists that an admission by one or more of the trustees, that plaintiff or Morrison was to be made good, is evidence to be weighed by the jury, tending to shew it the undertaking and contract of all.

CALEDONIA,
*March*,
1838.

Low
*v.*
Perkins.

Again, the plaintiff insists that if two of the trustees only were bound to make plaintiff good, and the house was built upon that undertaking, the plaintiff had a right to insist upon the fulfilment of that contract, before the house should be surrendered. If *all* the trustees were permitted to claim the house, and repudiate the very condition upon which it was built, it would operate as a direct fraud upon the builders.

The case finds an abandonment of the first contract by plaintiff and Morrison. This left the trustees to their remedy. But as matter of compromise, two, at least, of the trustees engaged that, in case of the resumption of the work and completion of the house, plaintiff should be made good. Upon this, the work was resumed, and the house finished. If, then, this should be considered the contract of plaintiff or Morrison on the one part, and the *two* trustees on the other, and they alone bound by it, it is difficult to see by what right *all* the trustees could interfere and take the house, without taking it subject to the terms upon which it was ultimately built.

*J. Mattocks* for defendant.

1st. The contract having been made by the whole board, if they are to be regarded as executing a private trust, all must unite to alter, as well as to make an original contract; if it was a public trust it required a majority.

2d. The *sayings* of the trustee in this suit, in which he was neither party nor in interest, were not evidence. He was a competent witness, and should have been called.

3d. The supposed assurance to Morrison was exclusively and professedly for *his* benefit, and *not* Low's, and therefore would be no justification for Low's withholding the house.

The opinion of the Court was delivered by

PHELPS, J.—This case, although somewhat complex, presents in reality but one question for our consideration. It appears that a contract had been entered into by the plaintiff, with certain individuals, as agents or trustees of an association for building a church, for erecting the building, upon certain specified terms; and in the course of the trial, it became necessary for the plaintiff to prove, that by agreement of parties the special contract was abandoned, and that he was to be paid for the erection of the building upon a *quantum meruit*.

CALEDONIA,
*March,*
1838.

Low
*v.*
Perkins.

To prove this, he offered testimony to prove that one of the agents had said to Morrison, who was associated with the plaintiff in the erection of the building, and to induce him to proceed with the work, that he should loose nothing if he proceeded with it ;—and, also, that another of the trustees had admitted, that such new contract was made. The case states that there were four or five of these trustees in all. The testimony was rejected by the court below, upon the ground that the concurrence of all the trustees was necessary, to alter the contract, to which the plaintiff excepted.

There can be no doubt that the court did right, in rejecting the testimony upon the ground stated. Where several individuals are associated in a public trust, it is competent for a majority to act, and to bind their principals ; but, in the case of a private trust or agency, the rule is different, and the concurrence of all is necessary. There is another reason why a part of this testimony was improper, and that is, that the testimony was hearsay only. It is a general rule, that the declarations of a person, who is himself a competent witness, shall not be received. I know of no exception to this rule, except when the declarations themselves are to be regarded as facts, and constitute a part of the *res gesta.* The declarations of a person in possession of real estate may be received to explain and give character to his possession, but there the declarations are the fact to be proved, and will give character to the possession, whether true or false. So the declaration of an agent, while acting for his principal, and which are a part of the *res gesta,* may be proved. But in this case the admission of the trustee is not of that character, nor was he the agent of these parties. Had the suit been against the association, and the trustee had been one of them, possibly his admission would be pertinent, as the admission of the party. But, as between these parties, the trustees were competent witnesses, and of course their out-door declarations are hearsay merely, and, as such, clearly not admissible.

Judgment affirmed.