ARTHUR A. BISHOP & CO. *v.* J. D. THOMPSON.

November Term, 1924.

Present: WATSON, C. J., POWERS, TAYLOR, SLACK, and BUTLER, JJ.

Opinion filed October 7, 1925.

*Claim Not Made Below Not Reviewable—Place of Contract—Bills and Notes—No Assumption Contrary to Record—Presumption as to Validity of Note—Statute Relating to Filing and Registration Fees When Not Doing Business in Own Name—When Question Immaterial—Construction of G. L. 5751—Statute Construed without Extraterritorial Effect—Constitutional Law—Statute to be Construed, if Possible, to Avoid Doubts of Constitutionality.*

1. Supreme Court, in reviewing trial court's ruling sustaining defendant's motion to dismiss action for failure of plaintiff to comply with requirements of G. L. 5739-5751 relating to filing returns and paying registration fees by one doing business in State under name other than his own, will not on exception to ruling made consider claim that business done constituted interstate commerce, where plaintiff made no such claim below in opposition to motion.

2. Place of contract is where last act essential to its completion was done.

3. Contract note signed by maker in one state and accepted by payee in his office in another state did not become legal obligation until such acceptance, hence was made in latter state.

4. It cannot be assumed that trial court made any finding or findings in connection with ruling dismissing action, where in response to court's inquiry as to whether findings were desired, counsel on each side answered that they wished to go up on record, whereupon court stated that it was so agreed, and bill of exceptions so stated.

5. Note valid at common law will not be presumed to be prohibited or unenforceable by any statute in foreign state wherein note was executed and payable.

6. Question of plaintiff's compliance with Ch. 240 General Laws (G. L. 5739-5751), relating to filing returns and paying registra-

2

tion fees by one doing business in this State under name other than his own, is immaterial to right of process to enforce payment of note executed and payable in another state.

7. G. L. 5751, providing that anyone "subject to this chapter" shall not institute any proceeding in this State for the enforcement of "any right or obligation," without having filed returns and paid registration ·fees required by Ch. 240, General Laws, of person doing business in this State under name other than his own, relates solely to doing business in this State and to rights and obligations created therein.

8. Statute using general words is to be construed as having no extraterritorial effect, unless it clearly indicates different intention.

9. Even though plaintiff was doing some business in this State, in a manner and to an extent sufficient to subject him to Ch. 240, General Laws, relating to filing returns and paying registration fee by one doing business in other than his own name, he was not so doing business when, in his place of domicile in another state, he entered into contract note payable there, hence was not prohibited by said chapter from maintaining suit thereon.

10. Under such circumstances, construction of G. L. 5751, which would refuse to plaintiff right to institute proceedings in courts of this State to enforce transitory cause of action based on such note, would render statute of doubtful validity as against privileges and immunities clause of Federal Constitution.

11. Statutory provision should be so construed, if .possible, as to make it consistent with Constitution and paramount law, thus avoiding conclusion that it is unconstitutional, as well as grave doubts as to its constitutionality.

ACTION OF CONTRACT. Plea, general issue, and special pleas. Trial by Hartford municipal court, *A. G. Whitham,* Municipal Judge, presiding. At close of evidence court sustained defendant's motion to dismiss action on grounds that court was without jurisdiction of process and that complaint was void. The plaintiff excepted. The opinion states the case. *Reversed and remanded.*

*Pingree & Pingree* for the plaintiff.

*Raymond Trainor* and *Paul Gilioli* for the defendant.

WATSON, C. J. This case is here on exceptions to the rulings of the Hartford municipal court in which a trial was had by jury until the close of the evidence, when the action was dismissed by the court on defendant's motion, as stated below. On plaintiff's exception to this ruling the case is here. The action is one of contract, brought to recover the amount remaining unpaid on a certain contract note executed by the defendant and payable to the plaintiff, in terms as follows:

"$60.00                                   Norwich, Vt., Aug. 27, 1921.

For and in consideration of a contract and agreement entered into this day with me by Arthur A. Bishop & Co., of Boston, Mass., whereby I am entitled to the use of said company's system of collections I hereby, for value received, promise to pay to said Arthur A. Bishop & Co., or order, at their offices in Boston, Mass., the sum of sixty dollars, in twelve equal monthly payments of five dollars each, the first monthly payment to be made upon the signing of this contract note, and the remaining eleven payments of five dollars each to be made upon the same date of each succeeding month; provided, however, that upon the default of any one payment, the whole amount remaining then unpaid shall at once become due and payable, and I hereby acknowledge the receipt of a true copy of this entire agreement.

"Client's Signature, J. D. Thompson.
Address Norwich, Vt.

"Signature of
Agent and Witness }  C. J. White."
(U. S. Stamp)

On the back of this note was indorsed under date of February 15, 1922, $18.84.

The execution of the instrument and the action of the parties under it were shown by evidence on both sides and undisputed. At the time this transaction was entered upon, defendant was and hitherto had been a resident of this State.

It appeared that Arthur A. Bishop, a resident of the State of Massachusetts, having his office and principal place of business at Boston in that state, was there, under a system of contract form of his own, carrying on the business of collecting accounts and demands for other people who, as clients, might contract with him for such service in the manner shown by said contract note, under the name of "Arthur A. Bishop & Co.," and

that neither as partner nor otherwise did any other person or persons own any interest in said business. The undisputed evidence showed that Bishop had been so carrying on such business in Boston for "twenty odd years," and that C. J. White, who signed the contract note as witness, had been agent for Bishop in this State and in the state of New Hampshire, in there soliciting such contracts in connection with said business, under the same firm name, for about the same length of time, and was acting as such agent in this State at the time the transaction was had with defendant, resulting in the latter's giving the contract note in question; that plaintiff had no office nor place of business in this State; that White was then residing in St. Johnsbury, but had no office or place of business, the room in which he lived being his headquarters; and that his compensation as such agent was wholly by way of a commission on each contract obtained by him.

[1] Whether the business so done constituted interstate commerce, as claimed by the plaintiff in his brief, we do not consider; for no such claim was made by him below in opposition to the motion to dismiss, and consequently cannot now be made in support of his exception to the ruling made. *Grand Lodge of Masons* v. *Burlington,* 84 Vt. 202, 78 Atl. 973; *Nichols* v. *Central Vt. Ry. Co.,* 94 Vt. 14, 109 Atl. 905, 12 A. L. R. 333.

There was no evidence tending to show whether, prior to the issuance of the original complaint in this case, Arthur A. Bishop filed the returns and paid the registration fees required by the provisions of Chapter 240 of the General Laws of the State of a person doing business in the State under any name other than his own.

At the close of the evidence the defendant moved that the action be dismissed on the ground that the plaintiff was doing business in Vermont, had headquarters in St. Johnsbury with a resident agent there, without having first complied with the requirements of Chapter 240 in the respects named above, and consequently by the terms of section 5751 the court was without jurisdiction of the process and the complaint void. To this motion the plaintiff replied that there was no evidence and no presumption that the plaintiff was doing business in this State, within the meaning of the statute; and that, as shown by the evidence, the contract and note in question were accepted by plaintiff at his office in Boston, by reason of which that was the place

of the contract. The motion was sustained and the suit dismissed, to which the plaintiff excepted. The correctness of this holding is the sole question for consideration.

We say nothing as to which party had the burden of proof on the question of compliance with the statute (if applicable) requiring the filing of returns and the payment of registration fees by the plaintiff, which was ruled against him without any evidence whatever tending either way, and pass to the question of the place of the contract.

[2, 3] The agent White testified that the contracts with clients were in note form, and when obtained a copy thereof was left with the client, and it was so done with the defendant; but that the original which he procured from defendant was sent to the Boston office. It is not necessary to state in detail the evidence touching the place of the contract. As before seen, the plaintiff contended in the court below, and does now, that on the evidence the contract note was accepted by him at his office in Boston. The truth of this contention as to the place of such acceptance by plaintiff was not denied by the defendant in that court, and it is conceded by him in his brief filed in this Court. It follows that until such acceptance the note did not become a legal obligation; for it is a common principle that the place of a contract is where the last act essential to its completion was done. 1 Williston, Cont., § 97; *Emerson Co.* v. *Proctor,* 97 Me. 360, 54 Atl. 849; *Milliken* v. *Pratt,* 125 Mass. 374, 28 A. R. 241. The contract note was therefore made in the state of Massachusetts (*Barrett* v. *Kelley,* 66 Vt. 515, 29 Atl. 809, 44 A. S. R. 862; *Smith* v. *Anderson,* 70 Vt. 424, 41 Atl. 441; *Harrison* v. *Edwards,* 12 Vt. 648, 36 A. D. 364; *Peck* v. *Mayo,* 14 Vt. 33, 39 A. D. 205), and by the terms thereof it was to be performed there.

[4] It cannot be assumed that the trial court made any finding or findings in connection with the ruling; for to the court's question to counsel whether they wished him "to make some findings here (there) or go up on your (the) record," counsel on each side answered that he wished "to go up on the record." Whereupon the court said, "It is agreed that the case may go up on the record." And the bill of exceptions states: "It was agreed that this case should go up on the transcript and the transcript is referred to and made a part of this bill of exceptions, together with the docket entries, the original writ and answer, and the exhibits used in the cause."

[5, 6]   As the note in question is valid at common law, it cannot be presumed that it is prohibited or not enforceable by any statute in the state of Massachusetts without proof to that effect.   *Tuttle* v. *Holland,* 43 Vt. 542.   The presumption is that it was valid; and it being a Massachusetts contract and payable in that state, the question of plaintiff's compliance with the provisions of Chapter 240 of the General Laws of this State, relating to filing returns and paying registration fees, is immaterial to the right of process to enforce its payment.   The case of *Hartford, etc., Ins. Co.* v. *Lasher Stocking Co.,* 66 Vt. 439, 29 Atl. 629, 44 A. S. R. 859, is much in point.   There the plaintiff was an insurance company incorporated under the laws of the state of Connecticut, having its home office in that state, and a branch office in the city of New York, through which its Vermont business was transacted.   The defendant was a Vermont corporation, having its principal place of business at Bennington. The action was to recover the amount due the plaintiff as a premium upon a policy of insurance issued by it in favor of the defendant.   The application for insurance was made by the defendant at the solicitation of a special agent of the plaintiff, and was delivered to him at Bennington, and by him transmitted to the branch office in New York City, where it was accepted by the manager of that branch office, and the policy of insurance in accordance with the terms of the application was, on a day named, mailed by him to the defendant by whom it was duly received. In review the defendant contended that it devolved upon the plaintiff to prove a compliance with the law in respect to the license to itself to transact insurance business in this State, and to its agent.   In disposing of that question this Court said: "As the contract was a New York one, the question of the authority of the plaintiff to transact business in this State, the non-allegation of that fact in the declaration, and whether the plaintiff's agent, through whom the application for the policy was transmitted, was duly licensed, are immaterial and need not be considered."   To the same effect is *Baker* v. *Spaulding Brothers,* 71 Vt. 169, 42 Atl. 982.   In this respect the material facts and circumstances in the Lasher Stocking Company case were sufficiently analogous to those shown by the record now before us to make the holding there had controlling in the instant case, unless from the provisions of section 5751, Ch. 240 of General Laws, we may properly come to a different conclusion.   The part of that

section important here to notice reads: "A person, copartnership or corporation subject to this chapter shall not institute any proceedings in this state for the enforcement of any right or obligation unless it shall, prior to the issuance of the original return or complaint therein, have filed the returns and paid the registration fee required by this chapter; * * *."

[7-9]  The operation of the statutory provisions quoted is limited by the phrases "subject to this chapter," and "any right or obligation." In each general words are used, the definite meaning of which in such connection must be determined by applying the proper rules of construction. Eight of the thirteen sections in Chapter 240 use the limiting phrase "doing business in this state," or words of similar import. One provides for the furnishing of blanks to persons, etc., "subject to the provisions of this chapter." One, that a person, etc., "required by the provisions of this chapter to file a return," shall pay a registration fee. One, that certain sections shall not apply to foreign investment companies, etc. The only other section of the chapter is 5751, the one, restrictive of the right to institute enforcement proceedings, now particularly under consideration. We think this signifies that the phrase "subject to this chapter," as used in section 5751, is intended to have the same limitation, that is, it relates solely to "doing business in this state." The general rule applies that a statute which uses general words is to be construed as having no extraterritorial effect, unless it clearly indicates a different intention, as this does not. *State* v. *Peet*, 80 Vt. 449, 68 Atl. 661, 14 L. R. A. (N. S.) 677, 130 A. S. R. 998; *State* v. *Clement Nat. Bank*, 84 Vt. 167, 78 Atl. 944, Ann. Cas. 1912D, 22. It follows that, even though the plaintiff was doing some business in this State in a manner and to an extent sufficient to make him subject to Chapter 240 at the time of the transaction with defendant, he was not so doing business, when, in the state of his domicile, he entered into the contract note in suit, which was also made payable there. Consequently as to that transaction he was not subject to that chapter. *State* v. *International Paper Co.*, 96 Vt. 506, 120 Atl. 900, 32 A. L. R. 632. See *Old Wayne Mut. Life Asso.* v. *McDonough*, 204 U. S. 8, 51 L. ed. 345, 27 Sup. Ct. 236; *Simon* v. *Southern Ry. Co.*, 236 U. S. 115, 59 L. ed. 492, 35 Sup. Ct. 255. We therefore hold that the phrase "any right or obligation," as used in that section, means

the same as though it read "any right or obligation created in this state."

[10, 11]   This construction is consistent with the clause of the Constitution of the United States, declaring that "The citizens of each State shall be entitled to all the privileges and immunities of citizens of the several States." A construction which would refuse to the plaintiff the right to institute in the courts of this State, against the defendant, proceedings to enforce the transitory cause of action in question, would, to say the least, render the statute of gravely doubtful validity as against the "privileges and immunities" clause quoted, which, says the Federal Supreme Court, "secures citizens of one state the right to resort to the courts of another, equally with the citizens of the latter state." *Missouri Pacific R. R. Co.* v. *Clarendon Boat Oar Co.*, 257 U. S. 533, 66 L. ed. 354, 42 Sup. Ct. 210; *Blake* v. *McClung*, 172 U. S. 239, 43 L. ed. 432, 19 Sup. Ct. 165; *Cole* v. *Cunningham*, 133 U. S. 107, 33 L. ed. 538, 10 Sup. Ct. 269. It is a well-established rule that a statutory provision should be construed so as, if possible, to make it consistent with the Constitution and the paramount law. *Cady, Admr.* v. *Lang*, 95 Vt. 287, 115 Atl. 140; *State* v. *Clement Nat. Bank,* cited above. And by this rule the construction of the statute must, if fairly possible, be "so as to avoid not only the conclusion that it is unconstitutional, but also grave doubts on that score," *Panama R. R. Co.* v. *Johnson,* 264 U. S. 375, 68 L. ed. 748, 44 Sup. Ct. 391.

The result is that the exception to the dismissal of the action must be sustained.

*Judgment reversed and cause remanded.*