Rose Glass *v.* G. T. Bosworth.

May Term, 1943.

Present: Moulton, C. J., Sherburne, Buttles, Sturtevant and Jeffords, JJ.

Opinion filed October 5, 1943.

*Louis Lisman* and *Edward B. Reiter* for the plaintiff.

*M. G. Leary* and *Bernard J. Leddy* for the defendant.

BUTTLES, J.    This negligence action is based on a collision which occurred on Main Street in St. Albans on June 14, 1941, between an automobile in which the plaintiff was a passenger and a car driven by the defendant.    The defendant had a verdict and judgment and the case is here on the plaintiff's exceptions.    The accident happened at about two o'clock on a Saturday afternoon, at which time there was considerable traffic on Main Street as there was to be a parade in which the high school band was to participate and other exercises were to be held for the benefit of the league base ball team.    The car operated by the defendant was the first in a line of three cars that were proceeding southerly on Main Street; the second car was a pick-up truck driven by a young man named Starr and the third was the Glass car in which the plaintiff was riding.    The defendant's car came to a stop while in line but the plaintiff's car did not stop in time to avoid colliding with the Starr truck which in turn was driven against the defendant's car. The force of the collision was such, it is claimed, as to cause serious personal injuries to the plaintiff for which she seeks to recover. The defendant's evidence was to the effect that he signaled with his hand before stopping and that he was compelled to stop by the stopping of other cars ahead of his.    The plaintiff's evidence tended to show that the defendant failed to signal, that there were no other cars immediately ahead of him and that he stopped because he was looking for a parking place.

The driver of the second vehicle, James Starr, as a witness for the defendant testified, in contradiction of the occupants of the Glass car, that there were cars in line ahead of defendant's car which stopped before he did and that the defendant signaled before stopping.    In cross examination Mr. Starr was inquired of and replied as follows:

Q. "You have an interest in this suit, do you not?"
A. "That is correct."
Q. "You are interested for reasons of your own in seeing to it that Mr. Bosworth succeeds in this suit?"
A. "Not necessarily."

Q. "Isn't it a fact that your lawyer is assisting in the defense of this case?"

A. "That is correct."

Q. "That is that Mr. Kissane is your lawyer?"

Objection being made the question was excluded after some discussion, subject to the plaintiff's exception. During this discussion Mr. Kissane, one of the attorneys appearing for the defendant, made a statement at the bench, following which the court ruled as follows: "With the statement of counsel for the defendant, Mr. Kissane, the court considers the matter closed and the. plaintiff will not be permitted to refer to either one of the attorneys for the present defendant as attorney for the witness now testifying." To this ruling plaintiff's counsel saved an exception stating that if this line of examination continued the witness would have revealed the facts to be as they had claimed them, evidently referring to the claim previously made that the witness Starr or some surety for him had employed Mr. Kissane to participate in the trial of the present case.

The exclusion of the pending question if error was harmless, since it merely served to identify the attorney referred to in the previous question and Mr. Kissane in effect admitted that it referred to him. The peremptory ruling which followed was in our opinion too drastic and interfered with a substantial right of the plaintiff. It is true that in *State* v. *Glynn,* 51 Vt 577, 580, it was held that the unfriendliness of a witness for a party was so far collateral to the issue that inquiry as to detail would not be permitted, but only the general inquiry whether the witness is friendly or otherwise. It should be noted, however, that in the present case there had been no inquiry as to friendly or unfriendly feelings and the proposed line of inquiry might refer only to financial or business interests. The Glynn case is criticized in II Wigmore on Evidence 2d ed., Sec. 948, p. 332, note 3, where it is said that the case has no support elsewhere. The annotator in 74 ALR 1158 also states that no other authority has been found for the proposition contained in that case.

■■ The statement is made by Wigmore that there is to be understood a general canon that on cross examination the range of evidence that may be elicited for any purpose of discrediting is to

be very liberal. Idem, Sec. 944, page 329. Our own later cases seem to be in accord with this proposition. We have said that a party is entitled to find out the full interest of a witness who testifies against him, and all the circumstances calculated to create bias, prejudice or zeal on the part of such witness may be inquired into. *Raymond's Admx.* v. *Rutland Ry. Lt. & P. Co.,* 90 Vt 373, 378, 98 A 909; *Vt. Farm Mach. Co.* v. *Batchelder,* 68 Vt 430, 442, 35 A 378; *In re Esterbrook's Will,* 83 Vt 229, 238, 239, 75 A 1; *Mears* v. *Daniels,* 84 Vt 91, 98, 78 A 737; *McAndrews* v. *Leonard,* 99 Vt 512, 518, 134 A 710. The foregoing cases are inconsistent with the statement in *State* v. *Glynn,* 51 Vt 577, above referred to, and that case is not to be considered as authoritative on that point.

■ Large scope is allowed to cross examination, the extent of it in a given case being left largely to the discretion of the trial court. *Miller* v. *Pearce,* 86 Vt 322, 324, 85 A 620, 43 LRANS 332. The limitation of this discretionary control has been indicated by the statement that although cross examination is a right, yet the court may control the exercise of it to any extent that does not infringe the right itself. *State* v. *Plant,* 67 Vt 454, 459, 32 A 237, 48 Am St Rep 821; *State* v. *Bean,* 74 Vt 111, 113, 52 A 269.

Here the witness had given testimony which, if believed by the jury, would probably be fatal to the plaintiff's case. It was important for the plaintiff to discredit this witness so far as he might be able to do so. If the witness had sufficient interest in the case to employ an attorney for the defendant it was a circumstance that might well have weight in determining the credibility of the witness. But the plaintiff was deprived of opportunity to show by further cross examination the exact facts of the attorney's employment, and also, apparently, of the right to comment in argument on the testimony which had already been given in that connection. It is clear that the plaintiff's right was infringed and the ruling of the court was reversible error.

■ The plaintiff excepted to the court's instruction "in effect that in the case of a conflict in the evidence it is the duty of the jury, if it is possible, to reconcile the conflict." Nothing more was said regarding this exception at the time it was taken. It is sufficient here to say that since no ground of objection was stated this exception is unavailing. *Mullett* v. *Milkey,* 113 Vt 42, 47, 29 A2d 806; *Porter* v. *Fleming,* 104 Vt 76, 81, 156 A 903; *Cum-*

*mings* v. *Conn. Gen'l Life Ins. Co.,* 101 Vt 73, 92, 142 A 82; *Barnard* v. *Leonard,* 91 Vt 369, 371, 100 A 876. A trial court is entitled to be informed of the fault found with its instruction so that it may have a fair opportunity to pass judgment upon it and, if the objection appears to be well founded, add to, or modify the charge. *State* v. *Noyes,* 111 Vt 178, 181, 13 A2d 187. This exception is not sustained.

The plaintiff excepted to the charge of the court in submitting to the jury the issue of the causal connection between the accident and the injuries for which the plaintiff sought recovery, it being claimed that on that issue the expert testimony of Dr. Hermann was conclusive in favor of the plaintiff. The injury for which damages were claimed was the aggravation of a long standing heart ailment.

■ The statement of a witness not directly contradicted is not always conclusive. Such statements are not to be arbitrarily disregarded of course, but a trier may, on occasion, disbelieve them or some part of them and may accord to them a construction differing from their literal effect. The circumstances, together with the character and subject matter of the testimony, may be considered before effect is given to a witness' statement. *Valenti* v. *Imperial Assur. Co.,* 107 Vt 65, 69, 176 A 413. See also *Nelson* v. *Travelers Ins. Co.,* 113 Vt 86, 92, 30 A2d 75; *Collins* v. *Fogg,* 110 Vt 465, 469, 8 A2d 684; *Allen* v. *Moore,* 109 Vt 405, 408, 199 A 257. Among circumstances that might be so considered in this case were the fact that the plaintiff felt no need for a doctor and did not call one until the second night after the accident; that the claimed connection was in its nature a matter of opinion and not of demonstrable fact, and the intermittent character of the plaintiff's ailment extending over a period of many years. It appeared that she had been hospitalized and seriously ill therefrom for fourteen months commencing in 1937 and again for some seven weeks commencing December, 1939. No error appears in connection with this exception.

■ Before the jury was drawn the plaintiff's counsel in chambers offered to show that the defendant was insured in a certain named mutual insurance company, and that that company was conducting the defense in this case. Counsel further stated that he proposed to inquire of the prospective jurors on their *voir dire*

whether they were insured with that company. The court excluded the offer and ruled that counsel would not be allowed to make the proposed inquiry, and exception was allowed to the plaintiff. We perceive no error in the court's ruling. In *Ryan* v. *Barrett,* 105 Vt 21, 23, 162 A 793, 794, this Court said, omitting citations: "The rule is clear and generally understood that it constitutes reversible error to inject into a case the fact that an insurance company is defending the suit. While this rule has its exceptions and limitations, yet the exceptions and limitations are never to be used as an artifice to bring before the jury the poisonous fact of insurance. In such circumstances the good faith of the party and his counsel is the guiding principle." Since that case was decided it has been enacted by No. 47 of the Acts of 1935 that "a juror who is a policy holder in any cooperative or mutual insurance company shall not by reason thereof be disqualified as a juror in any cause where such cooperative or mutual insurance company is a party, or is interested in the outcome thereof by reason of being an insurer of any of the parties in such cause."

The only legitimate purpose that the proposed inquiry could have served if permitted would therefore be the assistance if any that it might give, in exercising the plaintiff's peremptory challenges. With the common knowledge that now exists regarding automobile liability insurance the proposed inquiry would be about as effective as a direct statement in informing the jury that the defendant was insured in the named company. But with the question unasked no juryman on the case could know that he and the defendant were insured in the same company, if that chanced to be the case, unless some exigency during the trial should warrant an exception to the general rule. Any such advantage that might accrue to the plaintiff did not outweigh the policy of the general rule and the exception is not sustained. However, because of the error heretofore pointed out the decision must be: *Judgment reversed and cause remanded.*