CARMEN SIMONE, PROSECUTOR, v. H. EVERETT PETERS, MAYOR OF THE BOROUGH OF FANWOOD, DEFENDANT.

Argued October 2, 1946—Decided May 21, 1947.

Before CASE, CHIEF JUSTICE, and Justices HEHER and COLIE.

For the prosecutor, *Snevily & Ely* (*Addison C. Ely*, of counsel).

For the defendant, *William M. Beard*.

The opinion of the court was delivered by

COLIE, J.  This writ brings up for review a judgment of conviction in the Mayor's Court of Fanwood.  The complaint charged the prosecutor with a violation of the zoning ordinance of Fanwood in that he conducted the business of cleaning and pressing clothes in a residence zone.

The property was purchased by the present owner in 1926 when the apartment on the second floor was occupied and the two rooms on the ground floor were occupied by the United States Post Office and the Fanwood Public Library.  The post office was moved out in 1929 and the library in 1930 took over the room so vacated.  In 1931 the Fanwood police department took one room and it, with the library, continued as tenants on the ground floor until 1942.  Thereafter the Red Cross utilized the rooms, rent free, until March, 1946, when the prosecutor Simone leased the premises and set up the operation of a cleaning and pressing establishment.

Prosecutor contends under its sixth point that there was no evidence of any change in the use to which the property was put. We disagree with this point of fact. The ground floor rooms were used as a post office, a library, a police station and Red Cross headquarters. They are now in use for business purposes, in violation of section 3 (b) of the zoning ordinance.

The principle controlling this case was stated in *Kensington Realty Corp.* v. *Jersey City,* 118 *N. J. L.* 114; *affirmed,* 119 *Id.* 338. The Court of Errors and Appeals adopted the language of Mr. Justice Parker who said: "We think it clear that the 'continuance of a non-conforming use' is a continuance of the same use and not of some other kind of use. * * * Now the non-conforming use that existed at the time of the ordinance was either a doctor's office or a tea room; and it is not proposed to conduct either of these on these premises at this time." Assuming, but not deciding, that there was a non-conforming use in existence on the premises when the ordinance was enacted, the use to which the prosecutor has put the property is in the language of the Kensington case, *supra,* "some other kind of use."

We have considered the other points raised and finding no merit in them, the writ is dismissed, with costs.