### City of Barre v. Robert Brown

[160 A.2d 885]

March Term, 1960

Present: **Hulburd, C. J., Holden, Shangraw, Barney and Smith, JJ.**

Opinion Filed May 3, 1960

*Gelsie J. Monti* for the defendant.

*Reginald T. Abare* for the plaintiff.

**Hulburd, C. J.** Robert Brown was found guilty of violating the municipal zoning ordinance of the city of Barre. The six specific charges against him alleged, in substance, that on certain dates he used and occupied the premises owned by him on Farwell Street for commercial purposes contrary to the provisions of "An Ordinance in Relation to Municipal Zoning" which designated the area in which his land was located as a residential zone.

The case was heard on an agreed statement of facts which authorized the trial judge to take a view of the premises and of the general area. No other evidence was introduced. The court made findings of fact, somewhat less extended than the agreed statement of facts, but such as to disclose the following situation. On Feb. 3, 1950 the city of Barre adopted a municipal zoning ordinance which had incorporated in it a plan dividing the city into three separate areas: Industrial, Commercial and Residential. According to this plan, Farwell Street, in its entirety, is located in the residential zone. The defendant has had title to his premises on this street since

December 10, 1956 and he has occupied them since April 1, 1955. It was on the latter date that he first leased from his immediate predecessors in title, Ray and Iona Churchill, whose title dates back to December 1940. The Churchills operated a long distance granite trucking company with I. C. C. rights and in connection with it, they temporarily parked trucks loaded with granite or coal in the yard of their home on Farwell Street and took orders by telephone relative to their business at that point. At no time during their occupancy did the Churchills carry on a general automobile repair business nor did they carry on a new, used or junk car business on the premises. The defendant, on the other hand, since April 1, 1955, has carried on a general auto repair garage and has dealt in used and junk cars on the premises, and has, since 1956, carried on a regular commercial business of buying and selling motor vehicles. The uses made by the defendant of the premises were not among those specified in section 3 of the zoning ordinance as being permitted in a residential zone. The court determined that Brown was in violation of the zoning ordinance and that he was guilty as charged, and judgment was entered accordingly. From this judgment, the defendant comes here with his appeal.

■ ■ The first question briefed for our consideration relates to pleading. The respondent claims that the charges against him are defective for the reason that there is no averment as to the adoption of the ordinance claimed and that the penal section is not set forth. These arguments are not for our consideration because they were not urged in any form below. The trial court was never presented with an opportunity to rule on the matter by demurrer or otherwise. *State* v. *Ball*, 119 Vt. 306, 309, 126 A.2d 121. A claim not made below, but made here for the first time, is not for consideration. *Latchis* v. *State Highway Board*, 120 Vt. 120, 127, 134 A.2d 191. Although exceptions are unnecessary under the new procedure act (12 V. S. A. §2381), a party must either object at the time a ruling on a question of law is made below or make known the action which he desires the court to take, otherwise

there is nothing for this Court to consider or review.

Next, the defendant urges that the evidence presented was insufficient to permit the court below to find him guilty beyond a reasonable doubt. The gist of his argument is that "there was no evidence introduced to show that on the dates specified in the counts (Oct. 27 and 29, 1958) the respondent, in fact, occupied or used the said premises not alone for the purposes allegedly in violation of the said ordinance, but for any purpose whatsoever." In the agreed statement of facts, however, we find the following:

"When the said Brown first occupied said premises he kept on said premises motor vehicles for sale and has repaired the same in said room which is most northerly of said rooms attached to said dwelling house which has been used as a garage by him *since he has been on the premises.*" (Emphasis supplied).

We think that not only as a matter of "necessary inference" but of ordinary and proper English usage the expression "since he has been on the premises" is equivalent to "ever after" and hence would include the dates of October 27 and 29, 1958. See *St. Albans Hospital* v. *City of St. Albans*, 107 Vt. 59, 62, 176 A. 302.

Next, the respondent claims that the court below erred in finding the respondent guilty "because the very provisions of the municipal ordinance he is charged with violating place him outside its regulatory effect." The respondent seeks to support this view by pointing out that a public garage is defined under the zoning ordinance as one which is designed to be used for the housing or care of "more than three self-propelled vehicles," whereas he asserts "the capacity of the garage wherein the respondent repaired motor vehicles has never exceeded the capacity of two self-propelled vehicles." The point is not whether the respondent is operating a public garage as defined by the zoning ordinance but rather whether he is using land or any structure within the residential zone for a purpose other than certain permissible uses as enumerated in Section 3 of the ordinance. Now the only kind of a garage permissible in a residential zone is a private one "for use in connection with residential purposes and in no event involving the conduct of

any business at the site." (Sec. 3, Sub. Sec. 5 and Sec. 1 Sub. Sec. c (1).). In using the argument he does, the respondent assumes the very facts which support the court's finding that the ordinance has been violated. It is the use which the respondent is making of the building in question and not its design which lays the respondent open to the charges made against him.

■ The fact that the respondent's predecessors in title used the land for commercial purposes prior to zoning and hence were not vulnerable to zoning restrictions is of no benefit to the respondent himself who is now attempting to make an altogether different and forbidden use of the property. No error appears. McQuillin, Municipal Corp. 25.186, p. 480; *Royal Meat Products Co.* v. *Kansas City*, 250 Mo. App. 688, 214 S. W.2d 713; *Simone* v. *Peters*, 135 N. J. L. 495, 53 A.2d 315.

■ Finally the respondent claims that "the court erred in finding respondent guilty because the City of Barre failed to prove that respondent's land lay in fact within the residential area." It suffices to say that the agreed statement of facts by No. 31 declares "A zoning ordinance of the City of Barre, Respondent's Exhibit (2), is hereto attached and made a part hereof and the same has been legally effective from the date it first became effective as appears by the terms thereof." In addition to the text of the ordinance itself, a map of the city of Barre is a part of the exhibit with the various zoning areas indicated on it, showing the entire length of Farwell Street to be in the residential zone. By reason of this exhibit the court was justified in this case in finding that the respondent's land lay in a residential zone. The fact that there may be certain non-conforming uses existent in the area which have come down from a time preceding the zoning ordinance, is of no benefit to the respondent in arguing that this indicates that his land lies in a commercial zone rather than a residential one. There is no merit to the respondent's claim in this regard.

474

We have given full consideration to all claims of error and find none.

*Judgment affirmed.   Let execution be done.*