## Oletha M. Ryalls et al v. Rosalie A. Smith

[196 A.2d 494]

October Term, 1963

Present: Hulburd, C. J., Holden, Shangraw, Barney and Smith, JJ.

Opinion Filed December 3, 1963

*Gannett, Oakes & Weber* for the plaintiffs.

*Fitts & Olson* for the defendant.

**Hulburd, C. J.** The plaintiffs were in an automobile which was in collision with another in a passing accident. Recovery is sought by the passengers against the defendant, the driver of the car overtaken. The evidence tends to show that the accident came about as follows: While proceeding northerly on Route 5, near Bellows Falls at about 5:30 in the afternoon while it was still light, George Ryalls, husband and father of the respective plaintiffs, drove his car up behind the automobile operated by the defendant which was travelling in the same direction. After the Ryalls vehicle had followed the defendant for about five or six hundred feet and while 300 feet from the scene of the accident, the left rear signal light of the "lead" car began blinking. At about the same time, its speed slackened, and as it did so, Mr. Ryalls saw its driver, the defendant, put her hand straight out, the car meanwhile pulling to the center line of the road. Mr. Ryalls "wasn't sure exactly what she meant when she put her hand out" but finally "made up his mind that she was going to go either across the highway or come to a halt near the center line" and he proceeded without blowing his horn to pass the defendant's car on the right. Just as he got partly by, the defendant turned her car to the right to turn off the road and as a result was in collision with the Ryalls' car, thereby causing the injuries to the passengers in it for which suit was brought.

The plaintiff prevailed below, and the defendant on appeal assigns seven different grounds of error, three of which pertain to rulings respecting damages and the remaining four are concerned with matters bearing on liability. It would seem, perhaps, more orderly to consider the latter group first.

The first witness called by the plaintiff was State Trooper Gerald R. LeFevre. He testified that he investigated the accident in question, and after describing the scene and giving various measurements, he was asked: "And can you tell us what Mr. Ryalls told you had happened?" Counsel for the defendant objected to the question saying, "He's not a party to this action. Any statement he made would be pure hearsay." Despite this objection, the trooper was allowed to proceed to tell what Mr. Ryalls told him as to how he claimed the accident happened.

Counsel for the plaintiff calls attention to the fact that later in the case Mr. Ryalls did testify and in so doing was subject to cross-examination, so he argues this rescues the officer's testimony from inadmissibility. If this is significant, the difficulty with it is that at the time this evidence was admitted there was no assurance that Mr. Ryalls was going to testify and so be subject to cross-examination, nor was the matter of his availability considered.

The general rule is that courts will not receive testimony of a witness as to what some other person told him as evidence of the existence of the fact asserted. 31 C.J.S. Evidence, §193. There are, of course, exceptions to this basic rule, but it is not claimed here that any apply other than what has been urged upon us. Under our cases, the evidence was clearly inadmissible. *Low* v. *Perkins,* 10 Vt. 532; *In re Campbells Will,* 100 Vt. 395, 401, 138 Atl. 725, 54 A.L.R. 1369; *Enos* v. *Owens Slate Co.,* 104 Vt. 329, 336, 160 Atl. 185. But the plaintiff further points out that what the trooper testified Mr. Ryalls told him was later on in the trial reiterated by Mr. Ryalls in his own testimony. Since this was so, he argues, there could have been no possible prejudice from the admission of the trooper's testimony since it merely anticipated what was to be Mr. Ryalls' testimony when he came to give it. Perhaps this is largely so. Mr. Ryalls stood, however, in a sensitive position. He was the husband of the plaintiff-wife and the father of the plaintiff-daughter. He came as nearly to have the interest of a plaintiff as one could have without being one. His testimony was contradicted by that of the defendant so that it was to be one of the jury's problems to determine whether Mr. Ryalls' account of the accident or that of the defendant was the true one. It could be that Mr. Ryalls' testimony gained credit through the trooper's testimony to the same effect so that it took on a certain

irrecusable quality. It put Mr. Ryalls in a position of in effect saying "what I claim about how the accident occurred is true and I can prove it because I told the Trooper the same story as you can see." The fact that Ryalls' account from the very beginning may have been inaccurate tends to become lost sight of and obscured. This is, no doubt, a close question. If this were the only error in the case, very likely we might regard it as not being so convincingly prejudicial as to require a new trial. We will, therefore, move on to the other assignments of error in this case.

Passing to the next claimed ground of error, we come to a consideration of a portion of the court's instructions to the jury. The court's charge included the following:

"You are instructed that where one is required to act suddenly in the face of imminent danger not of his own making, as may have been the situation here, he is not required to exercise the same degree of care as if he had time for deliberation and the full exercise of his judgment or reasoning facilities. And this is especially true where the peril has been caused by another as we have indicated, if he in good faith acts as a person of ordinary prudence might act in similar circumstances, he will not be guilty of negligence even if he failed to do that which would be best and injury results.

"Where by the negligence of another he is compelled to choose instantly between two hazards or two or more means of avoiding the accident he will not be guilty of negligence if he acts as a prudent man or reasonably prudent man should but selects the wrong course and such a course results in injury while some other course might have avoided it."

To this charge the defendant took the following exception: "We except to the charge of the Court on sudden emergency so far as the court suggests 'may have been the case here,' and also if the peril was caused by another, in substance, 'as may have been the case' as a comment by the court on the weight of the evidence."

██ The plaintiff, in endeavoring to support the trial court in this instruction, states that "Since the negligence, if any, of George Ryalls was immaterial to recovery of the plaintiffs, the court's charge as to sudden emergency could only have related to the defendant,

Smith, in her operation of her vehicle." With this we agree. The difficulty is, however, that the evidence fails to disclose that the defendant ever knew or could have known she was in peril. In fact, no peril existed until Ryalls proceeded to pass her. As to her, the charge has no basis for application. It is difficult to conceive what the jury could have made of it. The court's expression "as may have ·been the case here" could not be other than confusing to the jury. To avoid just this sort of confusion, we spoke of the trial court's duty in *Levey* v. *Hall,* 119 Vt. 143, 148, 120 A.2d 568: "It became, therefore, the court's duty to instruct fully and accurately as to each and to point out clearly to which case the various instructions were applicable and in what contingencies. It was as important to indicate the right party as to give the right charge." The prejudice to the defendant arising from the confusion injected into the case by the trial court's action in this regard must be added to whatever resulted from the first ground of error previously discussed.

In addition to the foregoing, the defendant claims error with respect to the trial court's charge as to the condition of her directional lights. On this subject it instructed as follows: "The Court again instructs you that at the time and place of the accident the defendant had the duty to the plaintiffs and others using the highway to keep her directional and stop lights in proper mechanical condition and working order." To this charge the defendant took the following exception: "We except to the charge concerning the defendant's duty to keep the lights in proper condition and working order, that is the signal lights, because taken literally that makes the defendant an insurer and does not require notice, reasonable notice of any defect that may have occurred and in this case there is definite evidence that no notice of defect has been given."

Let it be observed that the plaintiff's complaint did not allege negligence with respect to the condition of the directional lights on the defendant's car. This issue arose only as a result of the course of the conduct of the trial. In any event, since it did arise and since the trial court did charge concerning it, it was essential that the charge given be a correct and proper one. Had the trial court charged that the defendant was under a duty to use *due care* to see to it that her directional and stop lights were in proper mechanical condition and working order, no fault could be found. Instead,

however, the trial court did two things; it opened its discussion of negligence with the statement that "negligence is defined as a shortage of legal duty that causes injury to another." With this statement before the jury, when it reached the matter of lights, the trial court made the flat statement that the defendant had the duty at the time and place of the accident to keep her directional and stop lights in proper working order. Under such instructions, the jury may well have been led to believe that if the lights were not in proper condition at the time of the accident, negligence had been shown. It put the defendant in the position of being liable, apart from negligence, if the lights failed. This, of course, would have furnished the jury with an improper basis for their verdict. The chief issue in the case was: was the defendant negligent? In this situation, the trial court ought not to come close to assuming the chief fact in controversy by making the mechanical failure of the lights negligence in itself. Compare *Foundry Manufacturing Co.* v. *Farr,* 98 Vt. 109, 112, 126 Atl. 498; *Landry* v. *Hubert,* 101 Vt. 111, 113, 141 Atl. 593, 63 A.L.R. 396.

Although no one of the three errors discussed may be convincingly prejudicial, the cumulative effect of all of them together cannot be disregarded. See *Knight* v. *Willey,* 120 Vt. 256, 264, 138 A.2d 596. This was a case which required a careful presentation to the jury. It was a difficult one on the facts. It is to be kept in mind that the defendant denied that she gave any improper signals and her evidence taken alone would furnish little basis for liability. On the other hand, the conduct of Mr. Ryalls in operating his car was such, on his own testimony, as would raise the question not only of negligence but gross negligence if the case were one involving that question. We allude to this merely for the purpose of indicating how necessary to a fair trial it was that the trial court's action be free from prejudicial error. We cannot say that it was. The other claimed errors need not be considered.

*Judgment reversed.*