## West-Nesbitt, Inc. v. Glendon E. Randall, Sr. and Shirley D. Randall

[ 236 A.2d 676 ]

October Term, 1967

Present: **Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.**

Opinion Filed December 5, 1967

*John A. Burgess* for the plaintiff.

*M. Martin Leinwohl* for defendants.

**Shangraw, J.** This is a civil action to recover on a note. The defendants filed a motion to dismiss. This motion was heard at the September Term, 1965 of the Washington County Court. The parties were never notified of the court's action in its denial of the motion, and during the September Term, 1966 the cause was brought forward and hearing held on the merits and motion to dismiss. Findings of fact were made. The motion to dismiss was denied and judgment entered in favor of the plaintiff to recover $6,388.88. The defendants have appealed.

The plaintiff is a New York corporation having its principal office and place of business in Oneonta, N.Y. It is engaged in the sale and distribution of grain, fertilizer and agricultural supplies.

The defendants are husband and wife and jointly own and operate a dairy farm in Plainfield, Vermont. On November 1, 1963 at Plainfield they executed the note upon which suit was brought in this action. This note in part reads:

> "Oneonta, N.Y.
> November 1, 1963
>
> On demand after date, I, we, or either of us jointly and severally promise to pay to the order of West-Nesbitt, Inc., Oneonta, N.Y., Fifty-three Hundred Forty-six and 34/100 Dollars at the Citizens National Bank & Trust Co., of Oneonta."

This note and obligation was given to cover an open account owing by defendants to plaintiff doing business in Vermont under the style name of Pure Grain Company.

Plaintiff was not registered to do business in Vermont under the provisions of 11 V.S.A. section 691. This section in part reads:

> "(a) Except as otherwise provided, a foreign corporation shall not do business in this state until it has received a certificate of

authority from the commissioner of foreign corporations."

A related section, 11 V.S.A. section 764, in part provides:

"A foreign corporation shall not maintain an action in this state upon a contract made by it in this state if, at the time of making such contract, it was doing business in this state without lawful authority."

The "lawful authority" referred to in section 764, *supra,* required of a foreign corporation to do business in this state is that furnished by a "certificate of authority" from the commissioner of foreign corporations to a foreign corporation under section 691, *supra.*

The plaintiff is a New York corporation having its home office and principal place of business in Oneonta, New York. At the time of the execution of note in question, and for a long period prior thereto, the plaintiff had conducted a retail feed business in Vermont under the style name of Pure Feed Grain Company. It is conceded by the plaintiff that at no time did it have a certificate of authority under section 691, *supra,* to do business in Vermont.

The defendants are farmers living in Plainfield, Vermont. Leo Partch was plaintiff's sole representative in Vermont and had charge of sales and collections. He also was in charge of a plaintiff's store. On November 1, 1963 Mr. Partch called at the residence of the defendants in Plainfield and procured their signatures to the note upon which suit is brought in payment of an overdue feed bill owing by defendants to the Pure Feed Grain Company. Following its execution and delivery to Mr. Partch the note was mailed by him to the plaintiff at Oneonta, New York.

■ It is a common principle that the place of contract is where the last act essential to the completion was done. *Siwooganock Guaranty Savings Bank* v. *Cushman,* 109 Vt. 221, 245-246-247, 195 A. 260; *Bishop & Co.* v. *Thompson,* 99 Vt. 17, 21, 130 A. 701. The note upon which this action is founded is made payable to the plaintiff at the Citizens National Bank & Trust Co., Oneonta, New York. The vital question is whether the note is a contract completed in Vermont at a time when the plaintiff was doing business in this state without lawful authority. If so, 11 V.S.A. section 764 prevents the plaintiff from maintaining the action in our courts.

■ The trial court found that the note was accepted by the plaintiff at its principal office in Oneonta, New York, and that it was

unable to find that plaintiff in accepting the note was "doing business" with the meaning of the appropriate statutes in this state. A finding must stand if there is legitimate evidence fairly and reasonably tending to sustain it. *City of Montpelier* v. *Bennett*, 119 Vt. 228, 231, 125 A.2d 779.

The record demonstrates that the evidence which prompted the foregoing is limited to a portion of the testimony of Mr. Partch. This witness testified that following the mailing of the note he received a telephone communication from Mr. Nesbitt who was then at the home office. Defendants' attorney objected to the witness being allowed to name the person with whom Partch had the conversation, stating, "Conversation with somebody who is not present is not acceptable." This objection was overruled and the next question was— "During this communication with the company, what did the company communicate to you in relation to this note?" To this question defendants' attorney again objected by stating "The same objection." This objection was overruled. In referring to the fact that the note was in payment of a feed bill from Pure Feed Grain Company the following question was asked and answer received.

"Q. And the company told you it had been accepted for that?
A. Yes."

■ While the transcript fails to reveal an objection to the last question it is apparent from the above testimony, and objections made thereto, that defendants' attorney had sufficiently made known to the trial court his objections to this line of inquiry as improper and inadmissible by stating that "Conversation with somebody who is not present is not acceptable," and desired the court to so rule. Having made known to the court the action which defendants desired it to make, failure to object to this specific question was unnecessary under the provisions of 12 V.S.A. section 2381, which in part reads:

"Subsequent objection to the same legal point shall be unnecessary and the admission or exclusion of evidence of like nature thereafter shall be deemed to be subject to the same objection as originally stated."

On this point, see *City of Barre* v. *Brown*, 121 Vt. 469, 470, 471, 160 A.2d 885; *Canfield* v. *Hall*, 121 Vt. 479, 483, 160 A.2d 768.

■ The general rule is that courts will not receive testimony of a witness as to what some other person told him as evidence of the

existence of the fact asserted. *Ryalls* v. *Smith,* 124 Vt. 14, 16, 196 A.2d 494. There are, of course, exceptions to this basic rule but this is not one of them. As stated in 29 Am.Jur.2d Evidence, section 497, p. 555, "The clearest case of hearsay is where a witness testified to the declarations of another for the purpose of proving the facts asserted by the declarant." Such is the situation here.

The foregoing telephone conversation between Mr. Partch and Mr. Nesbitt to the effect that the note had been accepted in Oneonta, was inadmissible as self serving and hearsay. It should have been excluded. Without this inadmissible evidence, no evidence was received, or facts found, from which a determination could be made of the critical issue in this case. This leaves the crucial finding that the note was accepted in Oneonta, New York, without legitimate evidentiary support. This error complained of in the brief is sustained.

Moreover, during the progress of the trial the defendants repeatedly attempted on cross-examination of Mr. Partch to introduce evidence apparently designed to develop facts disclosing the extent of his authority as agent of the plaintiff. This line of inquiry was repeatedly excluded by the trial court. Had the defendants been permitted to pursue their objective the authority of Mr. Partch to accept the note on behalf of the plaintiff and conclude the contract in Vermont, or his lack of such authority, might well have been revealed and the ultimate issue resolved.

Our Court holds that the control of cross-examination is within the discretionary power and control of the court. *Smith* v. *Lentini, Extr.,* 125 Vt. 526, 535, 220 A.2d 291. However, the limitation of this discretionary control has been indicated by a statement that although cross-examination is a right, yet the court may control the exercise of it to any extent that does not infringe the right itself. *Glass* v. *Bosworth,* 113 Vt. 303, 306, 34 A.2d 113. Here, Mr. Partch was the only witness produced by the plaintiff in support of its claim. The cross-examination of this witness was directed to a material and critical issue in this case. It should not have been restricted to the extent revealed by the transcript.

The defendants' motion to dismiss challenges the plaintiff's authority to maintain this action by reason of its failure to have obtained a certificate of authority to do business in Vermont as required by section 691, *supra,* and by such failure precluded from maintaining this action by reason of the provisions of section 764, *supra.*

No final ruling was made on the motion until findings of fact were filed and judgment entered on the main case in favor of the plaintiff. At this time the motion to dismiss was denied as a part of the final judgment order. This denial was presumably based on findings made by the trial court at the conclusion of the hearing on the merits of the case, and so considered by us.

In consideration of the factors set forth in this opinion, and to prevent a failure of justice, it is our view that all phases of this case should be heard and tried anew in order that the controlling issues may be properly presented and decided by appropriate findings. For these reasons further comment on defendants' motion to dismiss is not required.

*Judgment reversed and cause remanded.*

**Smith, J.** (dissenting).

The vital question for determination here was whether the note upon which this action was brought was accepted in Oneonta, New York, or in Vermont by an agent of the plaintiff. This was a question of fact, and the determination of the question was for the lower court.

The only evidence presented relative to the acceptance of the note was given by Mr. Leo Partch, sales representative of the plaintiff company. It was Mr. Partch's testimony that he mailed the note to the company at Oneonta, New York after it was signed by the defendants. Partch then testified that he was informed by a telephone message from the company that the note had been accepted. While an objection was made by the defendant to the witness testifying as to the individual with whom he had the telephone conversation, no objection was made to the testimony that a telephone conversation did take place.

Nor was any objection made by the defendants to the following questions and answers: "A. Yes. The note was in payment of a feed bill from Pure Feed Grain Company, which was a subsidiary of West-Nesbitt, Inc. Q. And the company told you it had been accepted for that? A. Yes."

While this evidence might have been excluded on proper objection made, in the absence of such objection it was properly considered by the lower court and resulted in the judgment below for the plaintiff. In attempting to raise the question here of the admission of the evidence, just quoted, the defendants in their brief here refer us merely to the pages of the transcript and make the unsupported statement

that "the court's ruling was prejudicial and arbitrary and is therefore reversible." A brief that merely states a contention, without aid of argument of supporting authorities, presents no question for review. *Knight* v. *Willey,* 120 Vt. 256, 258, 138 A.2d 596.

The judgment below was supported by the only evidence adduced in the cause on where the final acceptance of the note was made. No objection was made to the admission of such evidence below, nor is any exception to its admittance properly briefed here. I would affirm the judgment of the lower court.